UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASHLEY BARRERA § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civ. No. CC-07-201 |
| § | | |
| TRI-COUNTY JUVENILE § | | |
| PROBATION, et. al. § | | |
| Defendant § | | |

## MEMORANDUM OPINION

Pending before the Court are defendants' Motions to Dismiss. (D.E. 14, 16, 28) Having considered the submissions of the parties and the arguments presented at the hearing, the Court GRANTS the motions in part and DENIES them in part, as set forth below.

*Background and Legal Standard*

Plaintiff is a former employee of the Tri-County Juvenile Probation Board. He alleges that during his employment there, he was treated differentially due to his race. He further alleges that he was discriminated against due to his age (fifty-three at the time he filed his EEOC complaint). Plaintiff further avers that he reported violations of law, mismanagement, waste of funds and that he was retaliated against for reporting these violations. Finally, he alleges that defendants committed "extreme and outrageous conduct" causing him emotional distress.

Plaintiff brings claims of racial discrimination under Title VII, 42 U.S.C. §2000e; age discrimination claims under the Age Discrimination in Employment

Act (ADEA), 29 U.S.C. §621 *et. seq.*; a state tort claim of intentional infliction of emotional distress; and a claim under "the Whistleblower Act," presumably Tex. Gov't Code §554.002. Defendant Tri-County Juvenile Parole Board (TCJP) and defendants Duval County, Jim Hogg County and Starr County (collectively "the county defendants") move to dismiss the claims.

On a motion to dismiss pursuant to Federal Rule 12(b)(6), the Court construes the complaint liberally in plaintiff's favor, and all facts pleaded in the complaint must be taken as true. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). A complaint should be dismissed only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Id*.

*Age Discrimination & Whistleblower Claims*

The county defendants seek to dismiss both the age discrimination claim and the Whistleblower claim because these claims can be brought only against plaintiff's actual employer. They assert that TCJP, and not any of the counties, was plaintiff's actual employer.

The Fifth Circuit has explained its analysis of employer status as follows:

> To determine whether an employment relationship exists within the meaning of Title VII, we apply a hybrid economic realities/common law control test. The most important component of this test is the right to control the employee's conduct. When examining the control component, we have focused on whether the alleged employer has the right to hire, fire, supervise, and set the work schedule of the employee. State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired. The economic realities component of the test focuses on

2

> whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Muhammad v. Dallas County Community Supervision and Corrections Dept.*, 479 F.3d 377, 380 (5th Cir. 2007). The Fifth Circuit further commented that the fact-intensive nature of the inquiry makes employer status difficult to determine on a motion to dismiss. *Id.* The inquiry is better suited to the summary judgment stage, when the Court has the benefit of discovery. Accordingly, this Court declines to rule on the employer status of the counties at this stage. The county defendants' motion to dismiss these claims is denied.

TCJP argues this Court lacks subject matter jurisdiction over the age discrimination claim because it does not meet the statutory definition of "employer" under the ADEA. The statute defines an employer as "a person engaged in industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. §630(b). TCJP asserts that during the period relevant to plaintiff's claims it had only eighteen or nineteen employees. TCJP submits an affidavit in support of its assertion, which plaintiff disputes. The number of people employed by TCJP is a factual question that this Court will consider upon motions for summary judgment. Pursuant to this Court's order of January 8, 2008, the Court declines to consider the current motions to dismiss as summary judgment motions under Rule 56.

*Title VII Racial Discrimination Claims*

Before pursuing a Title VII claim in court, a plaintiff must exhaust his administrative remedies by filing a complaint with the EEOC. *Young v. City of Houston, Tex.*, 906 F.2d 177 (5th Cir.1990). While a plaintiff is not limited to the specific box checked on the EEOC form, nor to the specific complaints listed in the initial charge, permissible lawsuits are limited "by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir.1993). Plaintiff's EEOC complaint alleged only age discrimination in its factual statement; he made no reference to race in the complaint. The EEOC could not be reasonably expected to investigate racial discrimination based on the complaint plaintiff filed. Accordingly, plaintiff's Title VII racial discrimination claims against TCJP and the county defendants are dismissed. *Compare Kojin v. Barton Protective Servs.*, 339 F.Supp.2d 923, 926-28 (S.D. Tx. 2004) (dismissing age discrimination claim where EEOC complaint referenced only national origin).

*Intentional Infliction of Emotional Distress*

Plaintiff's claim of intentional infliction of emotional distress must also be dismissed. Under the Texas Tort Claims Act, the state does not waive sovereign immunity for intentional torts claims. Tex. Civ. Prac. & Rem. Code §101.057(2). The Texas Tort Claims Act applies very broadly to any "agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution." Tex. Civ.

Prac. & Rem. Code § 101.001. Plaintiff cannot, therefore, maintain this claim against TCJP or the county defendants.

To summarize, defendants' motions to dismiss are GRANTED as to the claims of racial discrimination and intentional infliction of emotional distress and DENIED as to the age discrimination and Whistleblower Act claims.

So ORDERED this 8th day of February, 2008.

*Hayden Head*

HAYDEN HEAD
CHIEF JUDGE